UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 14-49-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JUSTIN LEE HOWARD, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 10] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant, Justin Lee Howard, is charged with four violations of his supervised release including using or possessing controlled substances and committing another federal crime by using and possessing marijuana.  [R. 10 at 1-2.]  In addition to the use of marijuana, Howard received several prescriptions for controlled substances which he abused and did not report to his probation officer.  [*Id.*]  These actions are in clear violation of the conditions of his supervised release.  Upon notification of these violations, the Court issued an arrest warrant.  [R. 3.]  This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter.  [R. 4.]

Concerning the instant offense, Judge Ingram conducted a final hearing on April 2, 2015, during which Defendant Howard competently stipulated to all charged violations.  [R. 8; R. 10 at 3.]  On April 7, 2015, Judge Ingram issued a Recommended Disposition which recommended revocation of Howard's term of supervised release and a term of incarceration for twelve (12)

months with no supervised release to follow.  [*Id*. at 6.]  Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and particularly noted Defendant's troubling history of substance abuse, the incredibly large number of pain pills he abused that led to the first two violations, and the troubling matter of Howard's violation of the Court's trust in this instance.  [*Id*. at 3-6.]  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service.  [R. 73 at 8.]  *See* 28 U.S.C. § 636(b)(1).  Defense counsel has filed a notice with the Court that Howard has no objection to the Magistrate's Recommendation.  [R. 11.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Recommended Disposition [**R. 11**] as to Defendant Justin Howard is **ADOPTED** as and for the Opinion of the Court;

2.  Defendant Justin Howard is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended

Disposition of the Magistrate Judge;

      3.      Howard's Supervised Release is **REVOKED**;

      4.      Howard is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **twelve (12) months** with no term of supervised release to follow; and

      5.      Judgment shall be entered promptly.

This the 21st day of April, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

3